

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

April 12, 2007

**By Hand**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street - Room 920
New York, NY  10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/17/07

   Re: ***United States v. Bryan Noble***
     07 Cr. 284 (KMK)

Dear Judge Karas:

    An indictment in the above-referenced case was issued yesterday and assigned to Your Honor.  The Court has referred arraignment to Magistrate Court, and the first pre-trial conference is scheduled for April 27, 2007 at 10:00 a.m.

    Defense counsel, Barry Krinsky, Esq., has advised me that he intends to make a bail application at the conference.  By way of background, the defendant was presented before Magistrate Judge Pitman on December 12, 2006, and following a bail argument, Magistrate Judge Pitman imposed the following bail conditions, which had to be satisfied prior to the defendant's release:  (1) a $500,000 bond secured by the residences of the defendant's wife and the defendant's mother provided that the defendant's wife had attained at least $300,000 in equity in her residence and the defendant's mother had attained at least $200,000 in equity in her residence; (2) travel restricted to the Southern and Eastern Districts of New York; (3) surrender of travel documents and no new applications; and (4) strict pre-trial supervision.  The Government appealed Magistrate Judge Pitman's ruling to Judge Rakoff sitting as the Part I Judge.  On December 13, 2006, following argument, Judge Rakoff reversed the ruling and ordered the defendant detained as both a danger to the community and a risk of flight.

    Accordingly, please find enclosed a copy of the transcript of the December 13, 2006 proceeding held before Judge Rakoff.  I have ordered a transcript of the December 12, 2006 proceeding held before Magistrate Judge Pitman and will forward a copy of it to the Court and to defense counsel upon receipt.

    Finally, the Government respectfully requests that time be excluded pursuant to the Speedy Trial Act until April 27, 2007 because the ends of justice served by excluding time

under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(8).  I have spoken to defense counsel about this request and he indicated that there is no objection.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _____

Brendan R. McGuire
Assistant United States Attorney
212.637.2220

cc:    Barry Krinsky, Esq.
       (via fax)

Time is excluded from April 12, 2007 until April 27, 2007 in the interests of justice, which outweigh both Defendant's and the public's interest in a speedy trial. See 18 U.S.C. §3161(h)(8) (A).

So Ordered.

4/16/07