UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **NOTICE OF MOTION** |
| -against- | INDICT. NO.:<br>07CR284(KK) |
| Bryan Noble    Defendant. | |

SIRS:

PLEASE TAKE NOTICE that upon the annexed affirmation of BARRY KRINSKY, ESQ., duly sworn to the 6th day of July, 2007 and upon all of the pleadings and proceedings heretofore had herein, the undersigned will move this court before the Honorable Judge Karas USDJ, at the Courthouse located at 500 Pearl Street, New York, New York on a date at a time to be set by the Court, for an ORDER:

1. Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, dismissing the indictment for lack of federal jurisdiction in that 18 USC §922 (g) is unconstitutional on its face and as applied to this defendant; and

2. Reserving the defendant's right to file other and further motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure; and

3. Requiring the Government to disclose and notify the defense and the court as to any evidence it intends or seeks to introduce or admit at trial pursuant to F.R.E. 404(a)(1) and 404(b) and ordering

    a pretrial hearing to determine the admissibility of any such evidence so proffered by the Government.

4. Pursuant to Rule 12 of the Federal Rules of Criminal Procedure suppressing any and all post arrest statements allegedly made upon the grounds that any such statements were obtained in violation of the defendants constitutional rights afforded him by the Fourth, Fifth, and Sixth Amendments to the United States Constitution and Miranda v. Arizona, 384 U.S.436, 86S.CT.1602(1966).

5. Pursuant to Rule 12 of the Federal Rules of Criminal Procedure suppressing any and all physical evidence seized.

6. Directing the pretrial disclosure of all exculpatory and impeachment material as required by Brady v. Maryland 373 U.S.83 (1963); United States v. Bagley 473 U.S. 667 (1985); Gigliov v. United States 405 U.S. 150 (1972). As well as providing counsel with any 911/Radio Run Tapes relevant to this case.

7. For such other and further relief as to this court may seem just and proper.

Dated: Brooklyn, New York
    July 6, 2007

*Barry Krinsky*

Barry Krinsky, Esq. (BK6787)
Attorney for Defendant
Bryan Noble
50 Court Street
Brooklyn, NY 11201
(718) 643-1878 (9)

To: Clerk of the Court
    Southern District of New York
    Hon. Kenneth Karas
    United States District Judge
    Rebecca Monck
    Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA                    AFFIRMATION

    -against-                                   INDICT. NO.:
                                                                              07CR284

Bryan Noble    Defendant.

Barry Krinsky, an attorney duly admitted to practice Law in the Courts of the State of New York and in the United District Court for the Southern and Eastern Districts of New York, hereby affirms the following to be true under the penalties of perjury:

1. I am the attorney for the defendant Bryan Noble am fully familiar with all the facts and circumstances of this case. I make this affirmation in support of the defendant's motion for various forms of relief in the annexed Notice of Motion.

2. I submit this affirmation based upon information and belief. The source of this information include conversations with the defendant, assistant United States Attorney, Rebecca Monck and Brendan Maguire, and a review of the discovery materials provided by the Government in this matter.

3. That this defendant was arrested on or about June 14, 2006 by the N.Y.P.D. in Bronx, New York and was charged in the Bronx Criminal Court with Criminal Possession of a weapon and other charges. That he was initially remanded to state custody and then he posted bail and was released. Mr. Noble made numerous appearances in the Bronx Criminal Court over a period of many months. On or about October

27, 2006 all other charges against Mr. Noble were dismissed and he was indicted in State Court for possession of a weapon charges. On or about December 11, 2006, local state charges were dismissed and the Mr. Noble was turned over to the Federal authorities for prosecution in the Southern District.

4. Upon information and belief the defendant Bryan Noble was arrested in the Bronx, New York on or about June 14, 2006. He was arrested, while on foot, in a gas station in the Bronx. Numerous NYPD police officers approached Mr. Noble with their guns drawn and apprehended him. They subsequently handcuffed him and transported him to the local police precinct. That subsequent to his apprehension Mr. Noble was <u>told by police</u> that they had searched a car, <u>the said he had been driving</u>, and they said they had found a gun in the car.

5. That subsequent to his apprehension and while in custody, upon information and belief, the defendant was questioned by New York City Police Officers, Detectives, and Agents who did not properly advise him of his constitutional rights pursuant to <u>Miranda</u>. That subsequent to his arrest and statement, notice (i.e. §710.30 CPL) was only given as to certain statements allegedly made at the scene or in the police car and none relating to any statements purportedly made later at the precinct.

6. That it is submitted that hearings are necessary to resolve the legal and factual issues raised by the circumstances surrounding the defendant's apprehension, seizure, arrest, interrogation, etc.

7. That the Government has not revealed any evidence it intends to introduce at trial pursuant to Rule 404 and that the Court should grant an order directing the Government to provide such evidence to the defense.

8. That the government has not disclosed any <u>Brady</u> or <u>Giglio</u> material at this point and that the Court should grant an

order compelling the Government to provide such material to the defense as well as providing a date certain prior to any hearing or deed for the production of the 3500 material.

WHEREFORE, It is respectfully requested that the relief sought in the NOTICE OF MOTION be granted or in the alternative that hearings be ordered to resolve any factual issues where required or necessary.

Dated:
July 6, 2007

*[signature: Barry Krinsky]*

Barry Krinsky, Esq. (BK6787)
Attorney for Defendant
Bryan Noble
50 Court Street
Brooklyn, New York 11201
(718) 643-1878(9)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

    -against-                                         INDICT. NO.:
                                                   07CR284(KK)

Bryan Noble     Defendant.

### DEFENDANT BRYAN NOBLE MEMORANDUM OF LAW

                                              Barry Krinsky, Esq. (BK6787)
                                              Attorney for Defendant
                                              Bryan Noble
                                              50 Court Street
                                              Brooklyn, New York 11201
                                              (718) 643-1878(9)

### PRELIMINARY STATEMENT

The facts relied herin for the memorandum are to be found in the affirmation of Barry Krinsky, Esq. And the affidavit declaration of Bryan Noble that are submitted herin with this memorandum and motion.

## ARGUMENT AND MEMORANDUM OF LAW

### I. THE COURT SHOULD DISMISS THE INDICTMENT

In this case, the defendant Bryan Noble was arrested in Bronx, New York, by New York City Police for a purely local crime, i.e. Criminal Possession of a weapon. With all due respect this charge really has nothing whatsoever to do with interstate commerce nor does it really have any Federal component warranting or conferring jurisdiction.

Section **922(g)** is a criminal statute that by its terms has nothing to do with **"commerce"** or any sort of economic enterprise however broadly those terms are defined. It is true that an ex-felon in possession of a gun has no effect on the economics of commerce or its industry thus there is no need for the establishment of territorial jurisdiction. Also, the defendant is a local resident of New York, which is of course where he was arrested and there is no indication he had previously moved in interstate commerce. The government must prove every element of a crime and is required to prove both elements of "in and affecting commerce". Not only must the government prove the defendant possessed a firearm in commerce, it also must prove what affect that possession had on commerce. See: __United States v. Morrison__, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d. 658 (2000) and __Jones v. United States__, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902