(2000). The Government must also adhere to the definition of the Supreme Court in its defining of congress' meaning of "in or affecting commerce" in **United States v. Bass**, 404 U.S. 336, 30 L.Ed.2d. 488, 92 S.Ct. 515; "a person" "possesses" a firearm "in commerce or affecting commerce" if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects commerce." **18 U.S.C. § 921.**

Quoting the Court in **U.S. v. Coward**, 151 F. Supp(E.D. Pa.) 2991 "oddly, Congress did not use the locution "in interstate or foreign commerce," when it came to Criminalize possession; but merely referred to "in or affecting commerce."

"The term 'in commerce' is limited to denote 'only persons or activities within the flow of interstate commerce-the practical, economic continuity in the generation of goods and services for interstate markets and their transport and distribution to the consumer." **Gulf Oil Corp. v. Copp Paving Co.,** 419 U.S. 186, 195, 95 S.Ct. 392, 298, 42 L.Ed.2d. 378.

As **Jones v. United States** supra noted, there is "recognized" distinction between legislation limited to activities "in commerce" and legislation invoking Congress full power over activity substantially affecting commerce **120 S.Ct. at 1911**. "as a matter of understanding in the English Language, how can the act of merely holding property ever be '**in**' or

'**affecting**' such '**commerce**'? It would be a fair use of the verb possess in such a sense if the possession were part of some transactional or commercial use – for example, holding a gun while inspecting it during a contemplated purchase – and one could imagine such a use distinct from shopping or transporting or receiving that the statute otherwise criminalizes. But if a gun is allegedly held by one alone, say, in a dwelling or in a stopped car or in the street, etc., can it fairly be understood to involve any 'commerce' at all? Absent some transactional or commercial context, it seems paradoxical at best that the static condition of holding property can affect 'commerce' or be 'in' it". Where Congress has failed to make clear its intent, and where it could have written statute without grammatical ambiguity, the Court resolves any doubt in defendants favor. **U.S. v. Cruz** 50 F.3d.714 (9th Cir. 1995).

The Court in **U.S. v. Coward**, 151 F. Supp. (E.D.Pa.2001) and Congress itself in **18 U.S.C. § 921** in the Congressional findings and declarations and in **U.S. v. Bass**, 404 U.S. 366; has clearly shown that the Congressional meaning of the element in **18 U.S.C. § 922(g)(1)** for "in or affecting commerce was only referring to firearms moving in the flow of commerce. Whether that movement be interstate doesn't matter because both the Supreme Court in **U.S. v. Bass** and Congress in the Congressional

findings and declarations has used the verb **moving** to define the element's of § 922(g)(1). Quoting the Supreme Court in **United States v. Bass** "statutes § 108.5 – Construction – other provisions 2. While Courts should interpret a statute with an eye to the surrounding statutory landscape and ear for harmonizing potentially discordant provisions, these guiding principles are not substitutes for Congressional lawmaking…Where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant."

Defendant draws into question the Constitutional validity of **18 U.S.C. § 922(g)(1)**, which, it is submitted, violates the defendant's Constitutional rights under the Sixth and Fourteenth Amendments.

First, under the Sixth Amendment the defendant has a right to trial by an impartial jury. **§ 922 (g)(1)** takes that right away by making prior felonies elements of the crime. The government must present prior felony at trial in order to prove its felon in possession element. This element of the crime automatically prejudices the defendant and prevents him from having an impartial jury convene at trial. Quoting the Court in **U.S. v. Aldrich**, 169 F.3d. 526 (8th Cir. 1999) "Evidence of a prior crime is always prejudicial to a defendant because it diverts the attention of the jury from the question of the defendant's responsibility for the crime charged, to the improper issue of his bad character."

This is especially so here because the prior felony or felonies of Mr. Noble go back some 14-15 years to the early 1990s. There are not recent felonies recently committed. Nor are they even felonies committed within the last ten years (commonly used as a yardstick for the use of a prior felony - for e.g. under state law a conviction more than ten years old could not be used against a defendant for the purpose of enhancing his sentence as a second felony offender).

So here you have a case where the defendant, Mr. Noble, is arrested in the Bronx, New York for a number of charges, all local state charges, including weapons possession. Since there are other charges besides the weapons charge, there can be no Federal prosecution. The State Court sets bail, which the defendant posts and he appears in court many times, while out on bail, to answer these charges. His prior convictions could not be used against him, to make him a second felony offender under state law, nor could any statement be allegedly made to law enforcement at the stationhouse be used against him because the appropriate notice had not been given in a timely fashion pursuant to State Law.

Then after some four months or more of court appearances, while out on bail, all the other charges against Mr. Noble are dismissed and he is indicted only on weapons charges. He continues to appear in the Bronx

Supreme Court, while out on bail, to answer these weapons charges. Some months later in December of 2006, he is picked up by Federal authorities and prosecuted by way of Federal indictment. Initially bail is set by Magistrate Pittman that the defendant is in the process of posting when the Government appeals and bail is denied.

So Mr. Noble goes from a situation in State Court where he was out on bail, appeared in court numerous times to answer these charges, has the most serious of these charges dismissed in the State Court (where his prior convictions could not be used against him to enhance his possible liability/sentence and where any statements he allegedly made at the stationhouse would be inadmissible or precluded pursuant to State Law) to the situation he now finds himself in Federal Court (i.e. detained or remanded without bail, use of prior felonies allegedly committed some fifteen years ago to establish Federal Jurisdiction, and possible use of statement allegedly made which would have been precluded under state law etc. etc. etc.

Therefore, it is urged that to apply this statute in this way to this defendant is unconstitutional as applied to Mr. Noble in that it denies him Due Process and Equal Protection of the Laws.

[Note: I also wish to preserve any and all arguments, should that become necessary, challenging the applicability of 18 USC §924 (e) to this defendant.]

In essence, the argument is that the felon in possession statute, i.e. **18 U.S.C. § 922(g)(1)**, is unconstitutional on its face and is unconstitutional as applied here because it exceeds Congress' authority under the Commerce Clause, as well as the 14th Amendment. This argument is based on **United States v. Lopez** 514 U.S. 549 (1995) and its progeny as further defined by **United States v. Morrison** 529 U.S. 598 (2000) supra and **Jones v. United States** 529 U.S. 843 (2000) supra.

In **Lopez** supra the Court in essence held that the act in question exceeded Congress' Commerce Clause authority. Really, Mr. Noble's case has absolutely nothing to do with interstate commerce nor does it in any way affect interstate commerce.

In this context, see **United States v. Jones** 16 F.3rd 487 (2d cir. 1994) in which it was held that an agent's testimony that no firearms were currently manufactured in New York State was insufficient to show that a particular weapon had traveled in interstate commerce, as at one time guns were produced in New York.

**II. The Court should compel the Government to disclose any and all evidence it intends to introduce at the trial pursuant to Fed.R.Evid. 404(b).**

The defendant respectfully requests the government be compelled within a reasonable time prior to trial, to provide defense counsel with any prior or similar act evidence it intends to introduce at trial, pursuant to Fed. R. Evid. 404(b). Such notice should include the nature of this evidence, the pertinent witnesses, any supporting documentation, and the legal theory of admissibility to be relied upon by the government. Such a procedure is necessary to enable the accused to file appropriate motions in *in limine* and to allow this Court to make a considered pretrial determination of the admissibility of any such evidence proffered by the government. Moreover, such pretrial notice would provide the defense an adequate opportunity to challenge the evidence on its merits if that were appropriate.

**III & IV. The Court should suppress any and all (III) physical evidence seized by the police on or about June 14, 2006 in connection with the defendant's apprehension and arrest. (IV) Likewise, the Court should suppress any and all post arrest statements allegedly made by the defendant on the day of his arrest or in the alternative, the court should order pretrial evidentiary hearings to determine the factual issues**