**surrounding the defendant's apprehension, arrest, seizure of evidence and his custodial interrogation.**

The defendant, Bryan Noble, was arrested in Bronx, New York on foot in a gas station on or about June 14, 2006. The car was parked and was not moving. The defendant was approached by several police officers in uniform, upon information and belief, with their guns drawn. The police officers approached him and ultimately numerous police officers, both in uniform and in plainclothes, apprehended the defendant, whereupon they handcuffed and arrested him. Subsequently, he was questioned while in police custody and allegedly made a statement without apparently being advised of his constitutional rights pursuant to <u>Miranda</u>. He was advised that the police had recovered a gun <u>allegedly</u> discarded by Mr. Noble during this unlawful police chase. The police officers subsequently went to a car after his arrest some considerable distance away from his apprehension and searched this car without his consent and without a warrant. It is alleged that certain items of physical evidence were removed from the car itself.

The officers who approached Mr. Noble with their guns drawn and who subsequently chased him could not have observed him doing anything that could have given them reasonable or probable cause to believe that he was or had been involved in any criminal activity. (<u>Please note</u>: I have not

been provided with any 911 tapes and/or radio run transmissions relevant to the police actions in this case. I again request their production.)

Therefore, any evidence, including the gun that is the product of such an illegal chase and arrest made without probable cause must be suppressed as a violation of the defendant's rights as guaranteed by the Fourth Amendment to the United States Constitution; <u>Dunaway v. New York</u> 442 U.S.200 (1979); <u>Wong Sun v. United States</u> 371 U.S. 471 (1963); <u>Brinegan v. United States</u> 328 U.S. 160 (1949); <u>Henry v. United States</u> 361 U.S. 98 (1959); <u>United States v. Scopo</u> 19 F.3rd 777 (2dcir) 1994; <u>United States v. Bold</u> 19F.3rd 99 (2dcir) 1994; <u>United States v. Walker</u> 7F.3rd 99 (2dcir) 1993 etc.

If the police were in the area on this day as a result of receiving an anonymous tip based on a phone call furnishing a general description of a suspect and a location (neither of which it is submitted fit the defendant nor his location) this would be an insufficient basis for a police chase and apprehension and arrest of the defendant. In <u>Florida v. J.L.</u> 529 U.S. 266 (2000) the United States Supreme Court held that anonymous information must corroborate both the specific identity of the suspect and the criminality of the suspect's conduct. HERE, you clearly do not have such information.

In this case it is alleged that Mr. Noble, first in a car and then on foot ran from the police who then allegedly pursued him, it is submitted unlawfully, and apprehended him pursuant to this unlawful police conduct. The police in this case had no reasonable suspicion of criminal activity by the defendant and after he allegedly fled they unlawfully pursued him. This unlawful police pursuit constitutes an unlawful seizure of the defendant and anything allegedly discarded during this unlawful chase must be suppressed. See People v. Howard 50 N.Y.2d 583 (1980); People v. Torres 115 A.D.2d 93 (1986); People v. Grant 164 A.D.2d 170 (1990); People v. Holmes 181 A.D.2d (1992); People v. Bennett 170 A.D.2d 516 (1991); In Re. Mariono V 107 A.D.2d 516 (1985); People v. Wilson 201 A.D.2d 399 (1994); People v. Campbell 160 A.D.2d 363 (1990) affirmed 76 N.Y.2d 921 (1991); People v. Wilkerson 64 N.Y.2d 749 (1984); People v. Hernandez 192 A.D.2d 620 (1993); People v. Smith 181 A.D.2d 802 (1992); People v. Martinez 206 A.D.2d 693 (1994); Dunaway, supra; Wong Sun, supra.

Subsequent to the defendant's arrest the police went back to a parked car and conducted a search of this vehicle without a warrant or consent. The police allegedly removed certain items of physical evidence from this car. Such a search, it is submitted was unlawful and any items seized should be suppressed. It certainly would not be an appropriate inventory search of the

vehicle under these circumstances. See Colorado v. Bertine 479 U.S. 367 (1987); People v. Galak 80 N.Y.2d 715; People v. Johnson 1 N.Y. 3rd 252 (2003). Since the defendant was already in custody, he obviously could not reach any item found in the car and therefore the search of the car could not be justified on a Chimel type analysis either.

Subsequent to the defendant's arrest, he was questioned by the police. Upon information and belief he was not advised of his constitutional rights pursuant to Miranda v. Arizona 384 U.S. 436 (1967). It is a well-established rule of criminal law that before a suspect is interrogated while in custody he must be given a set of warnings designed to …dispel the compulsion inherent in custodial surroundings…so that the suspect can exercise the privilege against self-incrimination. Rhode Island v. Innis 446 U.S. 291, 100 S. Ct. 1682 (1980); Miranda v. Arizona 384 U.S. 436, 4586 S.Ct. 1602, 1619 (1967). No written waiver of rights form was signed nor was any §710.30 Notice given to any statements allegedly made at the precinct.

According to Mr. Noble, these Detectives who questioned him initially did not give him his Miranda warnings, which in the context of these facts they should have and they made it seem to Mr. Noble that he had to answer their questions. This is not a voluntary and intelligent and knowing waiver of his constitutional rights but rather it was a product of

intimidation, coercion, and deception in clear violation of the defendant's constitutional rights. California v. Behler 463 U.S. 1121, 103 S.Ct 3517 (1983); United States v. Mathis 391 U.S. 6,885, Ct. 1503 (1968); Moran v. Burbine 475 U.S. 412, 421, 106 S. Ct 1135 (1968); Tague v. Louisiana 444 U.S. 469, 471, 100 S.Ct. 652 (1980); Missouri v. Siebert 124 S. Ct 2601 (2004); Tankleff v. Senkowski 135 F.3d 235 (2nd Circ., 1998); United States v. Anderson 929 F.2d.96 (2nd Circ. 1991); United States v. Owens 142 F. Supp 255 (USDC Ct 2001).

Therefore, for all of the heretofore stated reasons and case authority any and all post-arrest statements allegedly made by the defendant should be suppressed or in the alternative a pretrial hearing should be ordered.

It should also be noted her, that it is the defendant's position, as previously stated, that his arrest was unlawful and that any evidence obtained as a result of his illegal arrest is the fruit of the poisonous tree. (See, Dunaway, supra, Wong Sun, supra etc.).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**  **DECLARATION**

-against-  INDICT. NO.:
 07CR284(KK)

Bryan Noble    Defendant.


Bryan Noble declares under the penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

rs under the penalties of perjury, that the following is true:

1. I am the defendant in the above captioned case.

2. On June 14, 2006, I was arrested in a gas station in the Bronx, New York by several police officers at gunpoint. I was handcuffed and placed in a police car. I was subsequently transported to the local police precinct.

3. The officers conducted a search of my person and the area where I was arrested. I was later told than they searched an automobile without a warrant and recovered various items, including a gun, according to the police.

4. Subsequent to my arrest, I was questioned by the police without properly being advised of my rights.

5. At no time, to my knowledge, did I ever sign a written waiver of rights form.

DATED: July 6, 2007

BROOKLYN, NEW YORK

*Bryan Noble*
BRYAN NOBLE

**Conclusion**

FOR ALL OF THE FOREGOING REASONS, IT IS RESPECTFULLY SUBMITTED THAT THE DEFENDANTS MOTIONS HERE IN FILE BE GRANTED.

Respectfully submitted

*Barry Krinsky*
Barry Krinsky, Esq. (BK6787)
Attorney for Defendant
Bryan Noble
50 Court Street
Brooklyn, New York 11201
(718) 643-1878(9)