UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED 1/11/08

UNITED STATES OF AMERICA,

-v-

BRYAN NOBLE,

Defendant.

No. 07 Crim. 284 (RJS)

MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

Defendant Bryan Noble was arrested on June 14, 2006, and, after initially facing charges in Bronx County, New York, he was subsequently charged in federal court with violating 18 U.S.C. § 922(g)(1), possession of a firearm "in or affecting commerce" after having been convicted of a felony, and the enhanced penalty provisions of 18 U.S.C. § 924(e). The defendant has moved to (1) dismiss the indictment on the grounds that § 922(g) is unconstitutional on its face and as applied; (2) to suppress the firearm recovered at the scene; (3) to suppress statements made by the defendant post-arrest; and (4) for disclosure of evidence pursuant to Rule 404(b), *Brady*, *Giglio*, and the Jencks Act. The defendant has also requested a pretrial evidentiary hearing to determine the admissibility of the defendant's post-arrest statements and the recovered firearm. The government does not oppose the defendant's request for a limited hearing on the admissibility of the statements, but opposes the remainder of the defendant's motions, including defendant's request for an evidentiary hearing on the admissibility of the firearm. For the reasons outlined below and on the record at the conference held on January 7, 2008, the scope of the evidentiary hearing shall be limited to the admissibility of the defendant's post-arrest statements.

A defendant is entitled to an evidentiary hearing on a motion to suppress only if the defendant

establishes a contested issue of material fact. *United States v. Dewar*, 489 F. Supp. 2d 351, 359 (S.D.N.Y. 2007) (citing *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)). The moving papers must be "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *Id.* In order to make the requisite showing in sufficient detail, the defendant must submit an affidavit by someone with personal knowledge that disputed facts exist. *Id.*; *see also United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (citing *United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967)).

In this case, the brief affidavit submitted by the defendant in support of his motions does raise a disputed issue of fact with regard to the statements he is moving to suppress — namely, that he was questioned without being properly advised of his rights, and without signing a waiver form. (Noble Aff. at ¶¶ 4-5.) Additionally, the government does not contest the appropriateness of an evidentiary hearing addressing the defendant's statements. (*See* Transcript of January 7, 2008 Conference at 34.) The defendant is thus entitled to an evidentiary hearing on the motion to suppress his statements.

However, despite his attorney's in-court arguments addressing various facts leading up to the search of the automobile, nowhere in the defendant's affidavit does the defendant raise a material, contested issue of fact in relation to his motion to suppress the firearm. The defendant has thus failed to satisfy the burden of providing, in a sworn affidavit, "sufficiently definite, specific, detailed, and nonconjectural" information in relation to the suppression of the firearm. Accordingly, defendant's request for a hearing on that issue is DENIED. Counsel for the defendant is free to argue at oral argument that the evidence in the complaint and the indictment is insufficient to support a finding of probable cause to search the automobile in which the firearm was found. However, the defendant has not established that he is entitled to, or that there is any reason for, an evidentiary

2

hearing on this issue.

Should the defendant wish to make any additional submissions asserting disputed facts necessitating an evidentiary hearing on the suppression of the firearm, such submissions shall be filed and served not later than Friday, February 1, 2008. The Court shall hold an evidentiary hearing on the motion to suppress the defendant's statements, as well as oral argument on all of the defendant's motions, on Wednesday, February 20, 2008 at 9:30 a.m. in Courtroom 21C, United States District Court, 500 Pearl Street, New York, New York.

SO ORDERED.

Dated:      January 10, 2008
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3