

**Barry Krinsky**
Attorney at Law
50 Court Street
Brooklyn, N.Y 11201

Phone: (718)643-1878

January 10, 2008

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl St – Room 615
New York, NY 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/08
```

Re: United States v. Bryan Noble
    07CR284(RJS)

Dear Judge Sullivan:

Pursuant to a conversation with Eileen Levine your Honor's case manager, I am submitting this letter requesting a formal bail hearing, where we can be heard in person, on January 15, 2008 (at a time in the afternoon to be set by the court.)

I am requesting oral argument because I am proposing a substantial bail package and feel that it is important, in the recent context of this case, that Mr. Noble be present in Court before your Honor when this important issue concerning his possible release on bail is decided.

Mr. Noble has been incarcerated for over a year now and his health has deteriorated dramatically in the last six months or so. This is a substantially changed or new circumstance since the last bail application made on or about April 27, 2007 before Judge Karas. Mr. Noble has 'apparently' been diagnosed with hypertension, possible diabetes and liver problems. I can elaborate in more detail on these "new" developments in oral argument. In addition, Mr. Noble's incarceration has caused significant hardship both emotional and financial to his family. This also is a changed circumstance that can be gone into in more detail in oral arguments.

In addition, since the last bail review we have come to learn that the 911 tape which purported to have the radio transmission which served as the basis or the predicate

for the police action in this case was destroyed. The significance of this destruction of relevant perhaps critical evidence is also a new and/or changed circumstance for this court to review.

All of these new or changed circumstances coupled with the already powerful arguments advanced for release on bail and the substantial bail package proposed call out for a formal bail application hearing to be held in person before your honor with Mr. Noble and his family present.

Respectfully,

*Barry Krinsky*

Barry Krinsky, ESQ.

Bail Hearing set for
JANUARY 22, 2008 @ 10:30 Am

SO ORDERED
Date: 1/11/08
RICHARD J. SULLIVAN
U.S.D.J.



U.S. Department of Justice

**United States Attorney**
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 14, 2008

**By Facsimile**
The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street - Room 615
New York, NY 10007

      Re:    *United States v. Bryan Noble*
             07 Cr. 284 (RJS)

Dear Judge Sullivan:

      The Government writes to oppose the defendant's request for another bail hearing, as the defendant submitted no new information or changed circumstances warranting a reconsideration of the determination by Judge Rakoff, and upheld by Judge Karas, that the defendant is a danger to the community and risk of flight.

### Prior Bail Applications and Findings

      The defendant was arrested on the basis of a complaint on December 12, 2006. At the presentment and bail argument before Magistrate Judge Pitman, the defendant was afforded a bail package, and the Government appealed. The following day, the Honorable Jed S. Rakoff, as part of the Court's Part I responsibilities, heard argument relating to the bail conditions set by Magistrate Judge Pitman. Following argument, Judge Rakoff found that the "evidence that no conditions of release will reasonably assure that [the defendant] is not a danger to the safety of any other person or the community is overwhelming, just overwhelming." See December 13, 2006 Tr. at 12. Indeed, Judge Rakoff opined that the Court "could not remember a bail hearing that [the Court] thought that the evidence was any stronger," id., having earlier in the argument noted that the allegations against the defendant included the fact that he had pistol-whipped and shot at another drug dealer prior to the recovery of the firearm. Id. at 11. Judge Rakoff also found that the Government carried its burden with respect to whether the defendant was a risk of flight. Id. at 13. In so finding, the Court noted that the defendant was facing a substantial mandatory minimum sentence if convicted, and attempted to flee when law enforcement initially arrested him in June of 2006, holding that the defendant's "motive to flee [would] become very strong under all of the circumstances. Id.

      The defendant revisted the issue of bail with Judge Karas on April 27, 2007, arguing that

The Honorable Richard J. Sullivan
January 14, 2008
Page 2

the defendant was not a risk of flight or danger to the community. See April 27, 2007 Transcript at 5. Despite the defendant's arguments, some of which were similar to those made before Your Honor at the January 7, 2008 conference, Judge Karas was "not persuaded that anything" had changed between the time of Judge Rakoff's ruling and the date of the conference before Judge Karas to upset the prior finding that no condition or combination of conditions could assure the safety of the community and the defendant's appearance in court. Id. at 18.

### Argument

Pursuant to Title 18, United States Code, Section 3142(f), a bail hearing may be reopened at any time prior to trial, if "the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of others in the community." For the reasons set forth below, the defendant has not met this burden and should not be afforded a new bailing hearing.

In support of his request for bail reconsideration, the defendant submits three items that constitute new information or changed circumstances: (1) his health has deteriorated in the last six months; (2) the defendant's incarceration has caused an emotional and financial hardship on his family; and (3) the audio of the 911 call was destroyed. None of these areas are grounds for a bail reconsideration. First, the defendant has provided no documentation in support of his claims that he now possibly has diabetes and liver problems. To the contrary, in a recent report, the defendant failed to mention such medical ailments, claiming that he only had high blood pressure, or hypertension. See November 29, 2007 Report of Dr. William Ryan, at 4. Moreover, such medical ailments can be treated at the Metropolitan Correctional Center ("MCC"), where the defendant is currently incarcerated, and the defendant makes no claim that he requires special surgery or treatments as a result of his purported ailments that are unavailable to him at the MCC. Second, the defendant's claim that his incarceration has caused an emotional and financial strain on his family is no different than that posed by his incarceration in late April 2007, more than six months following his arrest, when he revisited the issue of bail before Judge Karas. Moreover, financial and emotional hardships are common among family members of incarcerated defendants, and in this case such hardships are outweighed by the danger that the defendant poses to the community, and the risk that the defendant will fail to appear in court. Finally, the defendant's claim that the destruction of the 911 tape (done in the regular course of the New York City Police Department's record-keeping) is a new or changed circumstance warranted bail reconsideration is wrong. Simply, the destruction of the 911 tape is a red-herring, as the Government never intended to introduce the 911 tape at trial. There is no basis from which to conclude that the destruction of the 911 tape leaves the Government unable to prove its case, or that the Government's evidence against the defendant is somehow weakened because the 911 tape no longer exists. Moreover, the print out of the radio run, provided to the Court during

The Honorable Richard J. Sullivan
January 14, 2008
Page 3

the January 7, 2008 conference, corroborates both the existence of the radio run and, in large part, corroborates the recollection of Officer-1 as described in the complaint. Accordingly, there is no new information or changed circumstances warranted a bail hearing in this matter.

Also, undercutting the defendant's argument that the Court should consider a bail package, the Government submits that the defendant's recent bout of mental instability, and the suggestion by Dr. Ryan that the defendant's mental status continued to be monitored, coupled with the defendant's criminal history and the facts underlying the instant offense, support the prior determination that the defendant is a danger to the community and continues to be one.

### Conclusion

For all of these reasons, the Government respectfully requests that the Court deny the defendant's request for a hearing to reconsider whether he should be afforded a bail package.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: *[signature]*
Rebecca Monck Ricigliano/ Brendan R. McGuire
Assistant United States Attorneys
212.637.2486/2220

cc: Barry Krinsky, Esq. (via facsimile)

-3-